People v Shawn G.G. (2024 NY Slip Op 01620)

People v Shawn G.G.

2024 NY Slip Op 01620

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

2 KA 20-01250

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHAWN G.G., DEFENDANT-APPELLANT. 

KATHLEEN E. CASEY, BARKER, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Jefferson County Court (Donald E. Todd, A.J.), entered August 19, 2020. The order denied defendant's request to apply for resentencing pursuant to CPL 440.47. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from an order denying without a hearing his pro se request to apply for resentencing pursuant to the Domestic Violence Survivors Justice Act (DVSJA) (see CPL 440.47; Penal Law § 60.12, as amended by L 2019, ch 31, § 1; L 2019, ch 55, part WW, § 1). County Court determined that defendant was ineligible for resentencing under the DVSJA because he was not "serving a sentence with a minimum or determinate term of eight years or more" on the offense for which he sought resentencing, as required by CPL 440.47 (1) (a). We affirm.
Defendant pleaded guilty in January 2018 to criminal possession of a controlled substance in the third degree (CPCS 3rd) and reckless endangerment in the second degree. In March 2018, the court imposed concurrent sentences, the longest of which, for CPCS 3rd, is a determinate term of seven years in prison plus a term of postrelease supervision (PRS). When defendant committed those crimes, however, he was on PRS arising from an aggregate eight-year determinate sentence of imprisonment imposed upon him in 2010. Upon defendant's return to prison, the Department of Corrections and Community Supervision treated his 2018 sentence as being consecutive to the undischarged portion of his 2010 sentence, which was one year, one month and 23 days, making for an aggregate term of imprisonment that slightly exceeded eight years.
Defendant contends that, because his 2018 sentence of imprisonment for CPCS 3rd was added to the time he owed on the prior sentence, resulting in an aggregate term of more than eight years in prison, he is eligible for resentencing under the DVSJA. We reject that contention. CPL 440.47 (1) (a) provides that a confined person may request to apply for resentencing where that person is serving at least eight years "for an offense committed prior to the effective date of this section" (emphasis added). Here, although defendant's pro se application referenced prior sentences, he sought resentencing on the 2018 conviction for CPCS 3rd. Because the sentence of imprisonment imposed for the offense of CPCS 3rd was a determinate term of only seven years, defendant does not meet the eight-year threshold set forth in CPL 440.47 (1) (a). The fact that the sentence of imprisonment imposed for CPCS 3rd may have been combined with the undischarged portion of a prior sentence does not, in our view, transform the CPCS 3rd sentence of imprisonment into a "term of eight years or more" (CPL 440.47 [1] [a]).
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court